UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRIAN DABNEY (#303995)                           CIVIL ACTION

VERSUS

N. BURL CAIN, ET AL.                              NO. 11-0172-JJB-DLD

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on September 6, 2011.

**MAGISTRATE JUDGE DOCIA L. DALBY**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

BRIAN DABNEY (#303995)                                    CIVIL ACTION

VERSUS

N. BURL CAIN, ET AL.                                      NO. 11-0172-JJB-DLD

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The pro se plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Warden Burl Cain and the Louisiana Department of Public Safety and Corrections, complaining that his constitutional rights were violated on November 21, 2010, when he was falsely charged with having committed a disciplinary rule violation and was ultimately punished with the loss of his hobby-shop box and the loss of his job as a hobby-shop clerk.

Pursuant to 28 U.S.C. § 1915(e), the Court is authorized to dismiss an action or claim brought in forma pauperis if the Court determines that the claim is frivolous, malicious, or fails to state a claim upon which relief may be granted. Cf., Green v. McKaskle, 788 F.2d 1116 (5th Cir. 1986). An action or claim is properly dismissed as frivolous if it lacks an arguable basis either in fact or in law. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), citing Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995). A Court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. Denton, supra. Pleaded facts which are merely improbable or strange, however, are not frivolous for § 1915 purposes. Id.; Ancar v. Sara Plasma, Inc., 964 F.2d 465 (5th Cir. 1992). Further, a § 1915(e) dismissal may be made at any time before or after service of process and before or after an answer is filed. Cf., Green v. McKaskle, supra.

Applying the above standard to the plaintiff's allegations, the Court concludes that the

plaintiff's claim fails to rise to the level of a constitutional violation.

In his Complaint, the plaintiff alleges that on November 21, 2010, he was involved in a fistfight with a co-inmate. He complains that although he was clearly not the aggressor in the fight, he was nonetheless found guilty of a rule offense. He further complains that, as a result of this incident, he lost his right to participate in the hobby-shop program and lost his job as a hobby-shop clerk.

Initially, the Court notes that the plaintiff has named the Louisiana Department of Public Safety and Corrections as a defendant herein. Under the Eleventh Amendment to the United States Constitution, however, an unconsenting state is immune from any lawsuit seeking monetary damages brought in federal court by her own citizens as well as by the citizens of other states. Edelman v. Jordan, 415 U.S. 651, at 659, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). Although Congress has the power to abrogate this immunity through the Fourteenth Amendment, it has not done so as to claims for the deprivation of civil rights under color of state law. See Fitzpatrick v. Bitzer, 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976); Quern v. Jordan, 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979); Edelman v. Jordan, supra. Thus, absent consent or waiver by the state, not here present, the state of Louisiana is immune from suit in this action. This shield of immunity extends to the Louisiana Department of Public Safety and Corrections as an arm or agency of the state. Anderson v. Phelps, 655 F.Supp. 560 (M.D. La. 1985). Therefore, the plaintiff's claims asserted against the Louisiana Department of Public Safety and Corrections are barred by the Eleventh Amendment and must be dismissed.

Turning to the plaintiff's claim asserted against the remaining defendant, Warden Burl Cain, the plaintiff has failed to allege any personal participation by defendant Cain in the events alleged. In fact, Warden Cain is not even mentioned in the Complaint other than in the Caption and in the section thereof entitled "Parties". In this regard, in order for a state official to be found liable under § 1983, the official must either have been personally involved in conduct causing the alleged deprivation of constitutional rights, or there must be a causal connection between the conduct of the official and the constitutional violation sought to be redressed. Lozano v. Smith, 718 F.2d 756 (5th

Cir. 1983). Any allegation that defendant Cain is responsible for the actions of subordinate officers or co-employees is insufficient to state a claim under § 1983. Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Further, in the absence of direct personal participation by a supervisory official in an alleged constitutional violation, an inmate plaintiff must allege that the deprivation of his constitutional rights has occurred either as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies or as a result of a breach by the supervisor of an affirmative duty specially imposed upon him by state law. Lozano v. Smith, supra.

Applying this standard to the plaintiff's claim asserted against defendant Cain, it is clear that there is no basis for the imposition of liability against this defendant. As warden of the prison, defendant Cain stands principally in a supervisory role with regard to the day-to-day operation of the facility. Accordingly, in the absence of any allegation of direct or personal participation by defendant Cain in the events alleged, the defendant is entitled to dismissal from this proceeding. The plaintiff makes no suggestion that defendant Cain was present on November 21, 2010, when the plaintiff was involved in a fistfight with a co-inmate, that defendant Cain issued the plaintiff the referenced wrongful disciplinary report, or that defendant Cain participated in the disciplinary proceedings at which the plaintiff was found guilty and sentenced. Further, even if the plaintiff were to allege that defendant Cain participated through a denial of the plaintiff's administrative grievance or disciplinary appeal, the law is clear that such participation is not a basis for liability under § 1983. See Geiger v. Jowers, 404 F.3d 371 (5th Cir. 2005) (finding no constitutional violation in an alleged failure of a supervisory official to investigate or respond favorably to an inmate's administrative grievance). Accordingly, the plaintiff fails to state a claim relative to defendant Cain.[1]

Finally, and in the alternative, the plaintiff's claim that he was charged and punished in

---

[1] Secretary James M. LeBlanc is not listed as a defendant in the caption of the plaintiff's Complaint but is listed as a defendant in Section III of the Complaint form, entitled "Parties". To the extent that Secretary LeBlanc may be interpreted to be a defendant herein, the Court's determination relative to this defendant would be the same as that arrived at relative to defendant Burl Cain.

connection with a false disciplinary report is without substantive merit. An allegation that an inmate plaintiff has been wrongly reported or punished for conduct which he did not commit or of which he is innocent does not, without more, state a claim of the denial of due process. See Collins v. King, 743 F.2d 248 (5th Cir. 1984). Further, the United States Supreme Court has held that an inmate's prison disciplinary proceedings fail to implicate any constitutionally protected liberty interest unless the resulting punishment subjects the inmate to an atypical and significant deprivation (evaluated in the context of prison life) in which the State might conceivably have created a liberty interest for the benefit of the inmate. Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). The plaintiff does not suggest that the punishment imposed in connection with the referenced disciplinary report has resulted in an atypical and significant deprivation in the context of prison life. Further, the plaintiff has no constitutionally protected liberty or property interest in maintaining his hobby-shop privileges or in any particular job assignment at the prison. See Jackson v. Cain, 864 F.2d 1235 (5th Cir. 1989). See also Bulger v. United States Bureau of Prisons, 65 F.3d 48 (5th Cir. 1995) (federal prisoner). Accordingly, the plaintiff's claim in this regard fails to rise to the level of a constitutional violation and must be dismissed.

## RECOMMENDATION

It is recommended that the plaintiff's claims be dismissed, with prejudice, pursuant to 28 U.S.C. § 1915(e), and that this action be dismissed.[2]

Signed in Baton Rouge, Louisiana, on September 6, 2011.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

---

[2] Note that 28 U.S.C. § 1915(g) provides that, "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."